IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL L. ELLIOTT, | : | CIVIL ACTION |
|     Petitioner | : | |
| | : | |
| vs. | : | NO. 14-5860 |
| | : | |
| COURT OF COMMON PLEAS, et al., | : | |
|     Respondents | : | |

# O R D E R

**AND NOW**, this 26th day of October, 2017, upon careful and independent consideration of the petition for writ of *habeas corpus* and attachments; the Petitioner's affidavit/brief; the Respondents' response thereto; the Petitioner's reply brief; and all available state court records; and after review of the thorough and well-reasoned Report and Recommendation of United States Magistrate Judge David R. Strawbridge, IT IS HEREBY ORDERED that:

1. The Petitioner's Objections are OVERRULED;[1]

2. The Report and Recommendation is APPROVED and ADOPTED;

3. The petition for writ of *habeas corpus* is DISMISSED;

---

[1] The petitioner has filed lengthy Objections and an "Amendment of Objections" to Judge Strawbridge's Report and Recommendation. See Document #37. Upon *de novo* review, I find that these Objections are meritless. Notwithstanding the petitioner's many challenges to the R&R, there is one fact which cannot be challenged, and that is that his claims are unexhausted. The petitioner failed to appeal the Parole Board's decision to the Commonwealth Court of Pennsylvania or to the Supreme Court of Pennsylvania. Because he is no longer able to bring a timely claim in state court, I must find that Judge Strawbridge properly found that the petitioner's claims are procedurally defaulted. Finally, there is no basis to excuse this procedural default. The Petitioner has not shown a cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrated that failure to consider the claims would result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750-51 (1991). Accordingly, I will approve and adopt Judge Strawbridge's Report and Recommendation, and dismiss this petition.

4. A certificate of appealability SHALL NOT issue, in that the Petitioner has not made a substantial showing of the denial of a constitutional right, or demonstrated that reasonable jurists would debate the correctness of this ruling. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Clerk of Court shall mark this case CLOSED for all purposes.

BY THE COURT:


 /s/ *Lawrence F. Stengel*
LAWRENCE F. STENGEL, C. J.